UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL NOS. 07-50097-01, 02 & 03

VERSUS                                      JUDGE HICKS

MICHAEL WALKER,                             MAGISTRATE JUDGE HORNSBY
VERNON CLAVILLE
and LARRY N. WILLIAMS

**MEMORANDUM ORDER**

Before the court are several motions filed by Defendants. For the reasons that follow, the motions are **denied**.

**Motions to Sever (Docs. 31 and 34)**

**Defendants' Arguments**

Larry Williams and Vernon Claville have filed motions to sever seeking separate trials from each other and their co-defendant Michael Walker. Some of the arguments in the motions are common to Williams and Claville. For example, both argue that (1) the allegations of wrongdoing are not sufficiently related to justify a joint trial of all three Defendants; (2) out of twenty-four[1] alleged acts of racketeering, the vast majority of the acts do not involve them; and (3) the spillover effect of the evidence against Michael Walker would prejudice their right to a fair trial.

---

[1] Larry Williams argues that the indictment has 24 counts. That is not correct. The indictment contains only one count, but includes 24 alleged acts of racketeering.

The motions also assert arguments peculiar to each movant. Williams argues that Walker and Claville are icons in the Shreveport legal community and that Williams' ability to defend himself and receive a fair trial will be overwhelmed by intense media and community attention. Williams further argues that a joint trial will prevent him from calling Walker and Claville as defense witnesses. According to Williams, if called to testify,

> Walker and Claville would testify that they have never had a conversation with Williams about anything, never less [sic] taking money from him. They would testify that they have never received any money from Williams in any capacity. They will testify that they have never met Williams. This testimony is crucial to Williams' defense and if his trial is not severed from Walker and Claville, his ability to [sic] fair trial will be prejudiced.

Finally, Williams complains in his motion that, while Walker and Claville filed speedy trial waivers, he did not.

Claville argues that the indictment fails to allege that Walker and Claville's activities were related. Claville notes that there are no allegations in the indictment that either judge knew of the other judge's alleged participation, or any sharing of the alleged bribes. According to Claville, the indictment sets forth unrelated acts with no common agreement among the participants to commit the acts in furtherance of the enterprise.

**Law and Analysis**

Rule 8(b) provides:

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may

>be charged in one or more counts together or separately. All defendants need not be charged in each count.

There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. U.S., 506 U.S. 534, 537 (1993). Joint trials play a vital role in the criminal justice system. Id. They promote efficiency and serve the interest of justice by avoiding the scandal and inequity of inconsistent verdicts. Id.

Even when joinder is proper, Rule 14(a) allows a trial court to sever the trials of two or more defendants where the joinder "appears to prejudice a defendant or the Government." United States v. McGrew, 165 Fed. Appx. 308, 316 (5th Cir. 2006). The rule does not require severance, however, and upon a showing of prejudice, the determination of relief to be granted, if any, due to the existence of prejudice, is within the discretion of the district court. Id.; Zafiro, 506 U.S. at 538-539.

Significantly, the Supreme Court has cautioned that the remedy of severance should be used sparingly. Zafiro supra. Where defendants have been properly joined under Rule 8, a severance should not be ordered unless "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. Less drastic measures, including limiting instructions to the jury, often suffice to cure the risk of prejudice. Id.

Movants' arguments regarding the number of times they are referenced in the indictment and the amount and type of evidence against Michael Walker are not persuasive. The fact that there are numerous defendants or that one defendant is not charged in all counts

of the indictment is insufficient to show compelling prejudice. United States v. Morrow, 537 F.2d 120, 137-138 (5th Cir. 1976). Similarly, a quantitative disparity in the evidence also is not enough to demonstrate prejudice. United States v. Merida, 765 F.2d 1205, 1219 (5th Cir. 1985). Appropriate cautionary instructions[2] can decrease the possibility that the jury will improperly transfer proof of guilt from one defendant to another. United States v. Hogan, 763 F.2d 697, 705 (5th Cir. 1985); United States v. Rodriguez, 926 F.2d 418, 421 (5th Cir. 1991); United States v. Whittington, 2008 WL 659150 (5th Cir. 2008). These arguments do not justify a severance.

Williams' argument that a joint trial will prevent him from calling Walker and Claville as defense witnesses is also unpersuasive. Severance based on the testimony of a co-defendant is only warranted if a defendant can establish (1) a bona fide need for the co-defendant's testimony; (2) the substance of the testimony; (3) the exculpatory nature and effect of the testimony; and (4) that the co-defendant would, in fact, testify. United States v. Neal, 27 F.3d 1035, 1047 (5th Cir. 1994). Williams' conclusory allegations in his brief fall

---

[2] For example, Fifth Circuit Pattern Instruction 1.01 suggests the following language for multi-defendant cases: "The defendants are being tried together. But you will have to give separate consideration to the case against each defendant. Each is entitled to your separate consideration. Do not think of them as a group." Similarly, Pattern Instruction 1.22 provides: "The case of each defendant and the evidence pertaining to that defendant should be considered separately and independently. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendant."

far short of the required showing. For example, Williams has not articulated any factual basis to suggest that Walker and Claville would actually testify at Williams' separate trial.

Williams also argues without elaboration that, while his co-defendants waived their speedy trial, he did not. As shown above, the law presumes that individuals who are properly joined in an indictment should be tried together. The Speedy Trial Act does not alter that presumption. United States v. King, 483 F.3d 969, 974 (9th Cir. 2007). The exclusion of time for one defendant applies to all co-defendants. 18 U.S.C. § 3161(h)(7). The delays in this case were absolutely necessary in the interests of justice, given the complexities of the case and the extensive discovery provided by the Government.

More troubling are Movants' arguments regarding the lack of allegations that the racketeering acts of Vernon Claville and Michael Walker were related. Claville and Walker served as judges on two different courts – Caddo Parish Juvenile Court and Caddo Parish District Court. Those courts are separated by both jurisdiction and physical location. Nothing in the indictment alleges that either judge knew what the other was doing or that either judge benefitted from the alleged bribes of the other. Citing United States v. Sutherland, 656 F.2d 1181 (5th Cir. 1981), Claville argues that the indictment sets forth unrelated acts with no common agreement among the participants to commit acts in furtherance of the enterprise.

The undersigned finds that Sutherland is distinguishable from the facts alleged in the indictment in this case. In Sutherland, the Fifth Circuit questioned the propriety of joining

two distinct conspiracies in a single RICO conspiracy. In that case, a judge and one individual (Walker) were involved in a racketeering activity (fixing tickets) between 1975 and 1977; the judge and another individual (Maynard) were involved in other racketeering activity (fixing other tickets) in 1979. The alleged enterprise was the city court. However, there was no evidence that either individual knew of the other's agreement with the judge. Ultimately, the court found that the multiple conspiracy doctrine precluded the joint trial of the two conspiracies involved in that case on a single RICO conspiracy count, 656 F.2d at 1194, but the violation did not require reversal of the convictions because the defendants' substantial rights were not affected by their joinder. 656 F.2d at 1197.

In this case, Walker, Claville and Williams are charged in a single RICO count that alleges 24 acts of racketeering. The RICO enterprise is alleged to be the Judicial Branch of Louisiana government. Count 1(B). The indictment alleges that Defendants used the enterprise to enrich themselves by extracting bribes. Count 1(C). All of the acts of racketeering are alleged to have occurred between May 5 and July 19, 2007, a relatively close time frame.

The undersigned finds it particularly significant that all of the Defendants are alleged to have engaged in Racketeering Acts 1 and 16. Act 1 involves the alleged bribery of Walker and Claville to obtain the release of a juvenile court hold (on May 5, 2007) and a reduction in the state court bond (on May 6, 2007) for an individual identified as "M.H." Act 16 involves the alleged bribery of Walker and Claville to obtain the release of a juvenile court

hold (on June 29, 2007) and a bond reduction (also on June 29, 2007) for an individual identified as "S.H." Apparently, it was necessary for the juvenile court holds to be released on these individuals if they were to bond out of jail on the charges in district court; otherwise, the individual would not be released from custody (even if Walker reduced the district court bond) because of the existence of the juvenile court hold. Thus, the reduction of the bonds and the release of the holds on MH and SH shared a common aim or purpose – obtaining the release of those individuals from custody. With regard to both MH and SH, the alleged bribes were paid by Williams and CRS#1.

Based on the foregoing, the undersigned concludes that Defendants' joinder is proper under Rule 8(b). A joint trial will not prejudice any Defendant. Accordingly, the Motions to Sever are denied.

### Outstanding Discovery Motions (Docs. 30, 36, 42, 44 and 46)

The Government has provided extensive discovery in this case, but these discovery motions – much of which contain boilerplate requests – remain pending. The motions are hereby denied as moot. Counsel may re-urge any request for *particular* information at the upcoming pretrial conference.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 28th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE