UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-50097-01, 02, 03 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL WALKER<br>VERNON C. CLAVILLE<br>LARRY N. WILLIAMS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court are motions to dismiss (Record Documents 38, 40, & 55) filed by all defendants, Michael Walker ("Walker"), Vernon Claville ("Claville"), and Larry Williams ("Williams").[1] Both Walker and Claville argue that the Judicial Branch of Louisiana ("Judicial Branch") is not an enterprise under the Racketeering Influenced and Corrupt Organization Act ("RICO"). See Record Documents 38 & 40. Claville further contends that the indictment should be dismissed because: (1) the "alleged actions" set forth in the indictment do not affect interstate commerce; and (2) his inclusion in a RICO indictment is improper because his position as a juvenile judge in no way involves the operation or management of the Judicial Branch. See Record Document 38. Williams has simply adopted the law and arguments of Walker and Claville as his own for purposes of proceeding with his motion to dismiss. See Record Document 55, ¶ 4.

The Government opposed the motions to dismiss, arguing first that the motions are premature because a resolution of the enterprise issue is fact determinative and is essentially a ruling on the merits. See Record Document 65 at 1-2. Alternatively, the Government contends that the Judicial Branch is both a legal entity and a group of

---

[1]Walker, Claville, and Williams are sometimes hereinafter referred to as "the defendants."

individuals associated in fact under 18 U.S.C. § 1961(4). See id. at 2-9. The Government also argues that the enterprise in this case engaged in, or its activities affected, interstate commerce and that Claville, as a juvenile judge, took some part in directing the affairs of the Judicial Branch when he exercised his powers as a judge to lift juvenile court holds allegedly in return for bribes. See id. at 1, 9-12.

**Prematurity**

In the Fifth Circuit, "the propriety of granting a motion to dismiss an indictment under [Federal Rule of Criminal Procedure] 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." U.S. v. Flores, 404 F.3d 320, 324 (5th Cir. 2005). Consideration of such a motion is proper if a question of law is involved. See id. The Government argues that the resolution of the instant motions to dismiss would require determinations of fact, while the defendants contend that the motions invoke purely legal questions, namely whether the Judicial Branch is an "enterprise" under RICO.

The Court has reviewed extensive case law in determining whether the instant motions are premature. The defendants' best argument relies on United States v. Warner, 498 F.3d 666 (7th Cir. 2007). The Warner court stated:

> We now turn to the district court's instructions to the jury on the question of the state as a RICO enterprise. All the district court said was that the State of Illinois is a "legal entity." Whether that is correct or not is a question of law, and as such, it was not one that could have been left for the jury to decide. The district court told the jury that the government had to prove three things, including that the State of Illinois was an enterprise. Some "persons" (legal or real) may be "entities" but they still may not meet the statutory definition of "enterprise." Nevertheless, because governmental or public entities fit within the definition of "enterprise" for purposes of RICO, this court has often rejected objections to jury instructions that a governmental entity is an "enterprise." We conclude, therefore, that the

>district court did not err when it accurately informed the jury that the State of Illinois is a legal entity.

Warner, 498 F.3d at 694 -697. Interestingly, the Warner court reasoned that it was not error for the district court to instruct the jury that the State of Illinois was a legal entity, but also noted that the district court told the jury that the government had to prove that the State of Illinois was an enterprise. Conversely, other circuits have reasoned that the existence of an enterprise at all times remains a separate element which must be proved by the Government. In United States v. Console, 13 F.3d 641, 650 (3rd Cir. 1993), the Third Circuit stated that "[t]he existence *vel non* of a RICO enterprise is a question of fact for the jury." In United States v. DeFries, 129 F.3d 1293 (D.C. Cir. 1997), the court reviewed the following jury instruction:

>ONE: An "Enterprise" as described in the indictment, existed on or about the time alleged in the indictment. . . .
>
>Regarding the first element, the government must prove beyond a reasonable doubt the existence of an "enterprise." . . .
>
>The indictment here charges that the enterprise was a union, . . . , and its successor union, . . . .
>
>You are instructed that, for purposes of this element of counts one and two, you should regard the two unions as a single enterprise.

Id. at 1310. The Court held that this jury instruction was flawed as a matter of law because it "did not obligate the government to prove the existence of an enterprise." Id. at 1311. The court reasoned that because the existence of an enterprise is an essential element of a RICO claim under Section 1962(c), such determination at all times remains a separate element that must be proved by the Government and decided by the jury. See id. at 1310.

While the Court found no Fifth Circuit case on point, several district court rulings provide guidance. In United States v. Brown, No. 01-004, 2001 WL 238183 (E.D. La.

March 7, 2001), the defendant filed a motion to dismiss the indictment on the ground that the Government's allegations were flawed. See Brown, 2001 WL 238183, *5. The defendant specifically argued that "Louisiana Consultants" was not an "enterprise" within the meaning of the RICO statute. See id. The court considered the "sufficiency" of the indictment, reasoned that the indictment sufficiently alleged a RICO association-in-fact, and denied the motion to dismiss the indictment. See id., *6. The Court did not make a finding as to whether Louisiana Consultants was a RICO "enterprise," but rather considered the sufficiency of the indictment. See id. Similar reasoning was set forth in United States v. Aucoin, No. 89-541, 1990 WL 28170 (E.D. La. 1990).

Following the rationale of district courts within this circuit, the Court finds that the existence of an enterprise is an essential element of a RICO claim under Section 1962(c) and such determination belongs with the jury. See Fifth Circuit Pattern Jury Instructions (Criminal), § 2.78 (2001). If this Court were to decide the enterprise element, or the other elements challenged by the defendants, then the jury would not be the final decision maker on the essential elements of a RICO claim under Section 1962(c). Accordingly, the indictment will be reviewed for constitutional sufficiency and, specifically, the Court will not make a finding on whether the Judicial Branch constitutes a RICO enterprise.[2]

---

[2]In ruling on an earlier motion, which challenged the constitutionality of RICO on vagueness grounds, this Court reasoned:

> At a minimum, it is clear that the Judicial Branch of Louisiana government is "a group of persons associated together for a common purpose of engaging in a course of conduct." U.S. v. Turkette, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528 (1981). Moreover, the Fifth Circuit has reasoned that RICO's definition of "enterprise" is broad enough to encompass government entities, departments, and agencies such as courts. See U.S. v. Stratton, 649 F.2d 1066, 1074 (5th Cir. 1981); see also U.S. v. Brown, 555 F.2d 407, 415 (5th Cir. 1977) (RICO statute's "language is broad enough to include public as

Under the Sixth Amendment, an indictment must "(1) enumerate each prima facie element of the charged offense; (2) fairly inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." U.S. v. Gaytan, 74 F.3d 545, 551 (5th Cir. 1996). Federal Rule of Criminal Procedure 7 requires the same. See id. An indictment that sets forth the charged offense in the words of the statute itself is generally constitutionally sufficient as long as the statutory language unambiguously sets out all the necessary elements of the offense. See U.S. v. Hagmann, 950 F.2d 175, 183 (5th Cir. 1991).

**The Enterprise Allegation**

Walker and Claville move to dismiss the indictment on the grounds that the indictment fails to charge a valid RICO violation because the Judicial Branch is not a RICO enterprise. In order for the Government to establish a violation of Section 1962(c) of the RICO statute, it must prove "(1) the existence of an enterprise that affects interstate or foreign commerce, (2) that the defendant[s] [were] 'employed by' or 'associated with' the enterprise, (3) that the defendant[s] participated in the conduct of the enterprise's affairs, and (4) that the participation was through a 'pattern of racketeering activity.'" U.S. v. Posada-Rios, 158 F.3d 832, 855 (5th Cir. 1998). Pursuant to 18 U.S.C. § 1961(4), the enterprise element of RICO may be satisfied by proving the existence of a "legal entity . . . [or] and any union or group of individuals associated in fact." The Fifth Circuit has defined both a legal entity and an association-in-fact:

---

well as private entities.").

Record Document 89 at 2-3. Such ruling was made for the limited purpose of analyzing Claville's vagueness challenge to RICO and was not meant to invade the province of the ultimate finder of fact.

> A legal entity is one that has sufficient existence in legal contemplation that it can function legally, be sued or sue and make decisions through agents as in the case of corporations. An association-in-fact, on the other hand, is an ongoing organization with members functioning as a continuing unit.

Bonner v. Henderson, 147 F.3d 457, 459 (5th Cir. 1998).[3]

Here, the indictment does not specify whether the Government is proceeding under the theory that the Judicial Branch is a "legal entity" or an "association in fact." However, the Government is not required to make such a choice and argues that the Judicial Branch qualifies as an enterprise under either theory. See U.S. v. Stratton, 649 F.2d 1066,1075 (5th Cir. 1981).

The indictment states that "the Judicial Branch of Louisiana government as established by the Louisiana Constitution Article 5, Section 1 constituted an 'enterprise' as that term is defined in Title 18, United States Code, Section 1961(4)." Record Document 1 at ¶ B. The indictment further alleges that the defendants, who were elected judges and a licensed bail bond agent, "improperly used the Enterprise to enrich themselves by extracting bribes in the form of cash and other things of value from individuals and organizations with business before the Enterprise." Record Document 1 at ¶ C. Specifically, the indictment charges that in exchange for cash and other things of value, Walker "would make himself available to quickly set bonds, reduce bonds, recall arrest warrants, and remove probation holds for individuals who had business in his court" and that Claville "would make himself available to remove juvenile court holds placed by the Juvenile Court so that defendants could bond out of custody." Id. at ¶¶ D2 & D4. As to

---

[3]While Bonner was a civil suit and not a criminal prosecution, the substantive requirements of Section 1962(c) are the same, and it is acceptable to rely on civil RICO precedent when examining criminal RICO liability. See St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 446 n. 15 (5th Cir.2000).

Williams, the indictment charges that he "would present [himself] to the public as an individual[] who had a special connection with the court system and used that connection to secure low bonds, secure bond reductions, remove probation holds, and remove juvenile holds." Id. at ¶ D5.

The Court finds that these charges in the indictment sufficiently allege a RICO enterprise, whether it be a legal entity or an association-in-fact. See U.S. v. Boyd, 885 F.2d 246, 249 (5th Cir.1989) (holding that "[t]he validity of an indictment is governed by practical, not technical considerations" and the appropriate test ""is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards."). The indictment enumerates the alleged RICO enterprise and notes that the Judicial Branch was established by Article 5, Section 1 of the Louisiana Constitution. The specific allegations outlined above also fairly inform the defendants of the manner in which the Government contends they improperly used the Enterprise. Accordingly, the motions to dismiss the indictment for failure to allege a valid RICO enterprise are denied.

**The Interstate Commerce Allegation**

Claville argues that his alleged actions do not "meet the requirement of substantially affecting interstate commerce." Record Document 38-2 at 9. Yet, the proper analysis focuses on the enterprise, not the individual defendant, and considers whether the enterprise was engaged in interstate commerce or whether its activities affected interstate commerce. See Fifth Circuit Pattern Jury Instructions (Criminal), § 2.78 (2001). The indictment in this matter mirrors the statutory language and properly alleges that the Enterprise was engaged in, and the activities of the Enterprise affected, interstate

commerce. See Record Document 1 at ¶ B; 18 U.S.C. § 1962(c); Hagmann, 950 F.2d at 183. The analysis of Claville's motion ends here because the indictment is constitutionally sufficient in its enumeration of the interstate commerce requirement of the charged RICO offense.

Moreover, federal courts have reasoned that where an indictment charges that the activities of an enterprise "affect" interstate commerce, such allegation "is presumed to include evidence that [the enterprise] directly participated in interstate commerce as well as evidence that [the enterprise's] intrastate activities had an effect on interstate commerce." U.S. v. Maloney, 71 F.3d 645, 663 (7th Cir. 1995). In Maloney, the Government presented uncontested evidence that the Circuit Court, the enterprise charged in the indictment, "directly engaged in the . . . acquisition of goods and services in interstate commerce, through its purchase of law books and computer equipment." Id. The Government is free to present, and Claville to cross-examine, such evidence in the trial of this matter, as the jury will be the ultimate arbiter of whether the Judicial Branch was engaged in interstate commerce or that its activities affected interstate commerce. See Fifth Circuit Pattern Jury Instructions (Criminal), § 2.78 (2001).

**The Conduct and Participation Allegation**

Claville further contends that his inclusion in a RICO indictment is improper because his position as a juvenile judge in no way involves the operation or management of the Judicial Branch. See Record Document 38-2 at 4. The more appropriate legal analysis is whether Claville *conducted and participated* in the affairs of the Judicial Branch through a pattern of racketeering. See 18 U.S.C. 1962(c) ("It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect,

interstate . . . commerce, *to conduct or participate,* directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.") (emphasis added). In Reves v. Ernst & Young, the Supreme Court held that "in order to participate, directly or indirectly, in the conduct of [an] enterprise's affairs [under Section 1962(c)] , one must have *some part* in directing those affairs." Reves, 507 U.S. 170, 179, 113 S.Ct. 1163, 1170 (1993).

The indictment in this case alleges that Claville is an elected judge for the Juvenile Court for Caddo Parish, Louisiana; the juvenile court may issue an arrest warrant or place a "juvenile court hold" on a person who has failed to comply with conditions or satisfy obligations to the juvenile court; the juvenile court, acting through a juvenile court judge, may lift or remove the juvenile court hold on a person who is subject to the hold; Claville would use his office and position as an elected Louisiana juvenile court judge to enrich himself by extracting bribes in the form of cash from individuals and organizations with business in his court; and, in exchange for cash, Claville would make himself available to remove juvenile court holds placed by the Juvenile Court so that defendants could bond out of custody. See Record Document 1 at ¶¶ A2, A7, A8, D3, & D4.

In this case, the indictment mirrors the language of Section 1962(c), as it charges that Claville "knowingly and unlawfully conduct[ed] and participate[d], directly and indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity." Record Document 1 at ¶ E; see also Hagmann, 950 F.2d at 183 ("An indictment that sets forth the charged offense in the words of the statute itself is generally constitutionally sufficient as long as the statutory language unambiguously sets out all the necessary elements of the offense."). Further, as set forth above, the allegations in the indictment

illustrate how Claville, by virtue of being a judge of a court vested with power by the Louisiana Constitution, took "some part" in directing the affairs of the Judicial Branch when he exercised his powers as a judge to lift juvenile court holds, allegedly in return for bribes. Claville's argument that his inclusion in a RICO indictment is improper fails, as the indictment is constitutionally sufficient. It is for the jury, and not this Court, to make the final decision as to whether Claville, "either directly or indirectly, conducted or participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity." Fifth Circuit Pattern Jury Instructions (Criminal), § 2.78 (2001).

The Court finds that the indictment in this case satisfies both the Sixth Amendment and Federal Rule of Criminal Procedure 7, as it enumerates the prima facie elements of the charged RICO offense, a violation of Section 1962(c). See Gaytan, 74 F.3d at 551. Further, the indictment fairly informs the defendants of the charges filed against them and provides them with a double jeopardy defense against future prosecutions. See id.

Accordingly,

**IT IS ORDERED** that the motions to dismiss (Record Documents 38, 40, & 55) filed by Michael Walker, Vernon Claville, and Larry Williams be and are hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this the 2nd day of April, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE